## SNOW & BURGESS v. ONE HUNDRED AND EIGHTY AND THREE-FOURTHS TONS OF SCRAP IRON.

*(District Court, D. Rhode Island.   February 23, 1882.)*

BOTTOMRY BOND—PROCEEDINGS IN REM.

> A suit on a bottomry bond, except in certain cases, must be by proceedings *in rem* against the property hypothecated or the proceeds, as prescribed by admiralty rule 18, and a libel *in rem* may be a proceeding against the property by arrest or attachment; but it does not follow that an attachment can only be made by actually taking possession of the property; service may be made either by notice or by actual levy on the goods.   Service by notice and monition is analogous to the process of garnishment, and a good attachment of the proceeds in whatever form they may exist.

In Admiralty.   Exceptions to libel.

*W. W. & S. T. Douglas,* for libellants.

*Thurston, Repley & Co.,* for respondent.

COLT, D. J.   This is a suit on a bottomry bond brought against a portion of the cargo of the brig Mechanic, of Portland, Maine, and the proceeds of said portion, in whosesoever hands the same may be found.   It is admitted that the iron claimed was part of the cargo at the time the bond was made, and that it was subsequently

delivered to the Rhode Island Horseshoe Company, of Providence. It appears that the marshal, not finding the iron, attached the proceeds in the hands of the Rhode Island Horseshoe Company by serving a copy of the attachment and monition upon the president of the company, but took no property of any kind *in specie* into his possession. The only question now before us arises upon exceptions filed by the Rhode Island Horseshoe Company, which are as follows:

"*First.* That the said libellants, in prosecuting their supposed cause of action, should have commenced the same by petition, addressed to this honorable court, praying that this respondent should be cited to appear and show cause why said supposed proceeds should not be brought into court to answer the exigency of such petition, and not by libel and monition, as in and by their libel they have done. *Second.* Because this honorable court has no jurisdiction, for the reason that said action is a libel *in rem*, and that, as appears by the return of the marshal upon said monition, he has found no *res* on which to make service, nor has there at any time been any *res* in his custody or possession."

The position sought to be maintained by the respondent is that in a proceeding *in rem* of this kind it is necessary that the marshal should find the property upon which to make service, and should actually take into his possession the property or its proceeds *in specie;* and that in cases where this cannot be done the proper form of proceeding is by petition and citation. In support of this the following quotation is made from Benedict's Admiralty, § 441:

"In cases of proceedings *in rem*, when freight or other proceeds of property are attached, or are bound by the suit, (as is often the case in suits for seamen's wages, bottomry, or salvage,) and such freight, or other proceeds, are in the hands or possession of any person, the court, upon application by petition of the party interested, may require the party charged with the possession thereof to appear and show cause why the same should not be brought into court to answer the exigency of the suit, and if no sufficient cause be shown, the court may order the same to be brought into court to answer the exigency of the suit, and upon failure of the party to comply with the order may award an attachment, or other compulsory process to compel obedience thereto."

It is apparent, however, that this proceeding (as well as that laid down in admiralty rule 38, which is substantially like it) relates simply to a way for getting property into the hands of the court after suit has been commenced, and not to any mode of beginning the action; therefore, it is far from tending to establish the position taken by the respondent. The libellants in this case were obliged to bring a suit *in rem* against the property or the proceeds. By admiralty rule 18 all suits on bottomry bonds, except in certain cases not here

applicable, shall be *in rem* only, against the property hypothecated, or the proceeds of the property, in whosesoever hands the same may be found. It has long been settled that a suit *in rem* will be against the proceeds of the thing, as well as against the thing itself. "There is no difference," says Judge Story, "between the case of a restitution *in specie* of the ship itself, and a restitution in value. The lien attaches to the thing, and to whatever is substituted for it." *Sheppard* v. *Taylor,* 5 Pet. 675, 710. The question, then, under the exceptions, narrows itself down to this: Whether it is necessary to the maintenance of a proceeding *in rem,* by libel and monition, for the officer to actually find the property upon which to make service, and to actually take it into his possession, or whether a monition served upon the holder of the property or of the proceeds is not sufficient.

"Proceedings *in rem* may be maintained, not only when there is a vessel or other thing which can be arrested by the marshal, but also where there is a fund in the possession of persons within the jurisdiction." *Flaherty* v. *Doane,* 1 Low. 148, 151.

In England suits *in rem,* served by a monition upon the owners, may be brought where the vessel is on her voyage or has been wholly lost. *Flaherty* v. *Doane,* 1 Low. 148, 151; *The Trelawney,* 3 C. Rob. 216; *The Stephen Wright,* 12 Jur. 732.

And in this country notice of the action *in rem* is often served by a simple monition, where there is no danger of loss and it is desirable to save the expense of custody. *Flaherty* v. *Doane,* 1 Low. 148, 151.

A libel *in rem* may be a proceeding against the property by arrest or attachment; but it does not follow that an attachment can only be made by actually taking possession of the property. Service may be made either by notice or by actual levy on the goods. "An attachment may be of goods and chattels, or of rights and credits, and by actual arrest of the goods, *or by notice to the person having either or both in his possession.*" Ben. Adm. § 420; Conkl. Adm. Pr. 478.

We think there can be no doubt, after analogy to the process of garnishment, that the service of proper notice upon the Rhode Island Horseshoe Company constituted a good attachment of the proceeds of the iron in its hands, in whatever form they may exist.

Exceptions overruled.